# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF UTAH

| | |
|---|---|
| **Duncan Thomas,** individually and on behalf of all others similarly situated.<br><br>**Plaintiff,**<br><br>vs.<br><br>**Gentry Mountain Mining,**<br><br>**Defendant.** | MEMORANDUM DECISION AND ORDER<br><br>Case No. 2:25-CV-00622-DAK-JCB<br><br>Judge Dale A. Kimball<br><br>Magistrate Judge Jared C. Bennett |

This matter is before the court on Defendant Gentry Mountain Mining's Motion to Dismiss [ECF No. 15]. On January 8, 2026, the court held a hearing on the motion. At the hearing, Plaintiff was represented by Melinda Arbuckle and Kathryn Harstad, and Defendant was represented by Paul Cannon. The court took the motion under advisement. After carefully considering the memoranda filed by the parties and the law and facts pertaining to the motion, the court issues the following Memorandum Decision and Order.

## BACKGROUND

Plaintiff Duncan Thomas was employed as a roof bolter/operator by Defendant Gentry Mountain Mining. Plaintiff's work included installation of primary roof support to secure and uphold the ceiling of the mine. He was compensated hourly and routinely worked fifty hours or more per week, accruing overtime pay for hours worked in excess of forty hours in a week. Plaintiff operated equipment and heavy machinery and was required by Defendant to wear personal protective equipment (PPE) including but not limited to: earplugs, hard hat, headlamp, steel-toed boots, safety glasses, flame resistant clothing and a respiratory device. After donning the PPE at the bathhouse, Plaintiff would then carry tools and equipment and wait to be

1

transported to the work site. At the end of each workday, Plaintiff would be transported back to the bathhouse where he would doff and store the PPE and then shower.

Plaintiff alleges that Defendant violated the Fair Labor and Standards Act, 29 U.S.C. § § 201-219 ("FLSA") and the Portal-to-Portal Act, 29 U.S.C. § § 251-262 by failing to compensate Plaintiff and putative collective action members for time spent donning and doffing PPE, showering and for travel time to and from the work site.

## STANDARD OF REVIEW

The issue before the court is whether Plaintiff has sufficiently pleaded a case under the FLSA and Portal-to-Portal Act. "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Miller v. Glanz*, 948 F.2d 1562, 1565 (10th Cir. 1991). "When there are well-pleaded factual allegations [as opposed to legal conclusions], a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678.

## DISCUSSION[1]

Defendant argues that donning and doffing personal protective equipment (PPE), travel

---

[1] Plaintiff argues that Defendant is asking the court to consider facts outside the pleadings, namely, that Defendant made adjustments to payroll to include travel time to and from the bathhouse to the work site, which Plaintiff disputes. Plaintiff argues that if the court were to consider such information, the court would have to convert the motion to a motion for summary judgment. Plaintiff argues that because he did not receive notice of such conversion, summary judgment is improper. *David v. City & County of Denver*, 101 F.3d 1344, 1352 (10th Cir. 1996). The court need not reach this issue. Taking all allegations within the four corners of the Complaint, Plaintiff has sufficiently plead violations of the FLSA and the Portal-to-Portal Act. Plaintiff's argument regarding summary judgment is therefore inapposite.

to and from the bathhouse and showering are non-compensable because they are categorized as preliminary and postliminary activities or are de minimis under the Portal-to-Portal Act 29 U.S.C. § 254(a). Defendant further argues that the Complaint does not allege facts that demonstrate these activities are "integral and indispensable" to Plaintiff's principal work activities. *Integrity Staffing Sols., Inc. v. Busk,* 574 U.S. 27, 35 (2014). Finally, Defendant argues that the Complaint fails to plead sufficient facts to support a claim of "willful" violations in order to extend the statute of limitations on the FLSA claims from two years to three as required by 29 U.S.C. § 255(2).

      I.        Integral and Indispensable

"The FLSA typically requires employers to pay their employees for all the time spent working on their behalf." *Smith v. Aztec Well Serv. Co.,* 462 F.3d 1274, 1285 (10th Cir. 2006) (citing *United Transp. Union Local 1745 v. City of Albuquerque*, 178 F.3d 1109, 1116 (10th Cir. 1999) (citing 29 U.S.C. § § 206, 207). However, the Portal-to-Portal Act excludes from compensable time "preliminary" and "postliminary activities," such as walking, riding or traveling to and from the actual place of performance of the principal activity, and activities occurring prior to or after the employee's principal activities in the workday. 29 U.S.C. § 254(a).

To determine what a principal activity is, which also determines the beginning of the compensable workday, the activity at issue must be "integral and indispensable" to the work an employee was hired to perform. *Busk,* 574 U.S. at 35. The Supreme Court instructs that work activity is integral and indispensable only if it is, (1) an intrinsic element of the "principal activities employee is employed to perform", and (2) one "with which the employee cannot dispense" if an employee is to perform those activities. *Id*. Whether an activity is integral and indispensable "does not turn on whether the employer requires the activity or whether the

activity benefits the employer." *Id.* at 33. Instead, the question is tied to the productive work that the employee is employed to perform." *Id.* at 36. Furthermore, "any activity that is 'integral and indispensable' to a 'principal activity' is itself a 'principal activity' under § 4(a) of the Portal-to-Portal Act." *IBP, Inc. v. Alvarez*, 546 U.S. 21, 37 (2005).

The Tenth Circuit addressed the question of whether donning and doffing protective gear worn by meat packing processors was compensable time under the FLSA. *Reich v. IBP, Inc.,* 38 F.3d 1123, 1126 (10th Cir. 1994). There, the Circuit found that knife-wielding employees were entitled to compensation but that those donning basic protective gear did not engage in compensable activity. *Id.* at 1126. The distinction the court made was that one activity met the definition of work under the FLSA while the other did not. *Id*. In a subsequent case discussing its holding in *Reich,* the Circuit wrote that it, "noted in passing, without significant analysis, that such equipment is both integral and indispensable to these particular workers." *Peterson v. Nelnet Diversified Solutions, LLC,* 15 F.4th 1033, 1038 (10th Cir. 2021) (quoting *Reich,* 38 F.3d at 1125) (internal quotation marks omitted).

Defendant does not argue that the uncompensated time is not work but rather that Plaintiff has not adequately pleaded that the PPE was intrinsic to Plaintiff's principal activity he was hired to perform. The court disagrees. Plaintiff works in a mine where "his primary duties involved various aspects of mining work including installation of primary roof support inside the mine to hold up the ceiling of the mine." ECF No. 1, Compl. ¶23. He "operated heavy equipment and machinery to ensure the tunnels in which minerals were extracted did not collapse." *Id.* at ¶36.  Use of steeled-toed boots, safety glasses, and head lamps all are integral to the performance of his job.  That is, it is "integral" within the ordinary sense of the word, meaning "[b]elonging to or making up an integral whole; constituent, component; spec[ifically] necessary to the

4

completeness or integrity of the whole; forming an intrinsic portion or element, as distinguished from an adjunct or appendage." *Busk*, 574 U.S. at 33 (quoting 5 Oxford English Dictionary 336 (1933)). Plaintiff's PPE is at least as integral to his job as the PPE used by both classes of meat processors in *Reich*.

    This is distinguished from *Busk*. In *Busk* the Supreme Court found that warehouse workers were not entitled to compensation for time spent going through security screening check points because such activity was ancillary to the plaintiff's work. *Id.* at 35. That is, security screening is not integral to the principal activity of warehouse work. This is correct. A warehouse worker could adequately perform the job of stocking shelves, managing inventory or shipping products without a security screening. Conversely, it is difficult to imagine how an employee could secure a coal mine roof without PPE.

    It must be demonstrated that the contested activity is not only integral but also indispensable. "An activity is indispensable… only when an employee could not dispense with it without impairing his ability to perform the principal activity safely and effectively." *Tyger v. Precision Drilling Corp.,* 78 F.4th 587, 594 (3d Cir. 2023) (quoting *Busk,* 574 U.S. at 36) (Sotomayor, J., concurring)). Supreme Court precedent suggests that for an activity to be indispensable "it does not need to be strictly necessary, just reasonably so." *Id.* at 594. Moreover, the Supreme Court held that donning, doffing and showering after a work shift were compensable for employees at a battery plant. *See Steiner v. Mitchell*, 350 U.S. 247, 256 (1956). The Court in *Steiner* reasoned that doing so protected the workers from lead poisoning and sulfuric acid burns. *Id*.

    Like the toxic materials employees in the battery plant were exposed to in *Stenier*, Plaintiff alleges that the coal dust is both hazardous and toxic. Dispensing with the respirator and

5

other PPE would expose Plaintiff to toxins and impair "his ability to perform his job safely and effectively." *Tyger,* 78 F.4th at 587. Plaintiff therefore argues that the uncompensated time was indispensable to the principal activity he was hired to perform. While Defendant may offer evidence to the contrary at some later point in litigation, the court finds Plaintiff has adequately pleaded that donning and doffing PPE and showering were integral and indispensable to his job as a roof bolter/operator.

II.     De Minimis Defense

Under the FLSA, "insubstantial or insignificant periods of time beyond the scheduled working hours, which cannot as a practical administrative matter be precisely recorded for payroll purposes, may be disregarded." 29 C.F.R. § 785.47.  However, "[a]n employer may not arbitrarily fail to count as hours worked any part, however small, of the employee's fixed or regular working time or practically ascertainable period of time [the employee] is regularly required to spend on duties assigned to the [employee]." *Id*.

Defendant argues that the time spent donning and doffing PPE, as well as travel time to and from the work site are de minimis and as such non compensable. In support of its contention, Defendant primarily relies primarily on *Anderson v. Mt. Clemens Pottery Co.,* 328 U.S. 680 (1946).  There the Supreme Court considered whether time spent walking after factory workers clocked in was compensable time. The Court held that "[w]hen the matter in issue concerns only a few seconds or minutes of work beyond the scheduled working hours, such trifles may be disregarded. Split-second absurdities are not justified by the actualities of working conditions or by the policy of the Fair Labor Standards Act. It is only when as employee is required to give up substantial measure of his time and effort that compensable working time is involved." *Id*. at 692.

6

The present case is distinguishable from *Anderson* on at least two relevant factors. First, *Anderson* was decided almost two years prior to Congress's passage of the Portal-to-Portal Act which specifically addressed what was compensable work time. Second, and perhaps more significantly, *Anderson* addressed only the few minutes spent walking to a workstation after employees punched their timecards to begin the workday. Plaintiff has alleged that the time spent donning and doffing PPE, showering and travel time take "approximately two hours or more per shift."

Three factors are considered by courts when determining whether work time is de minimis: "(1) the practical administrative difficulty of recording the additional time; (2) the size of the claim in the aggregate; and (3) whether the [employee] performed the work on a regular basis." *Peterson,* 15 F.4th at 1042. Here, Defendant makes no claim that there is administrative difficulty in recording the disputed work time and it seems unlikely that one exists. Plaintiff need only be allowed to clock in and out before changing into and out of his PPE to record the time. As to the size of the claim in aggregate, two hours per day during an eight-hour shift is not "only a few seconds or minutes of work beyond the scheduled working hours." *Anderson*, 398 U.S. at 692. Nor does the court think Plaintiff must breakdown the time spent on each particular task as Defendant argues. Instead, the court "consider[s] the aggregate amount of time for which the employees are otherwise legally entitled to compensation. We do not, as [defendant] suggests, evaluate each task or group of tasks separately to determine if the time period is de minimis. Adopting [defendant's] approach would undermine the purpose of the FLSA by allowing employers to parcel work into small groups of tasks that, when viewed separately, always would be considered de minimis." *Perez v. Mountaire Farms, Inc.,* 650 F.3d 350, 373 (4th Cir. 2011). Finally, Plaintiff must perform the disputed work of donning and doffing PPE every workday,

satisfying the final prong of the *Peterson* test that the performed work is done on a regular basis.

Moreover, as Plaintiff correctly notes whether uncompensated time is de minimis is an affirmative defense and plaintiff "need not anticipate" or plead against it in his complaint. *Fernandez v. Clean House, LLC*, 883 F.3d 1296, 1299 (10th Cir. 2018). Rather "[i]t is the employer's burden to show that the de minimis doctrine applies." *Peterson,* 15 F.4th at 1042-43 (quoting *Kellar v. Summit Seating Inc.,* 664 F.3d 169, 176 (7th Cir. 2011)). Defendant is adequately protected by pleading a de minimis defense to Plaintiff's claims in his answer, not by dismissal of a complaint that is otherwise satisfactorily pleaded.

III.     Statute of Limitations

Under the FLSA the statute of limitations is generally two years. 29 U.S.C. § 255(a). However, if a defendant's violation of the FLSA is found to be willful, an employee's time to file a lawsuit is extended by an additional year. *Id.* Defendant argues that Plaintiff has not demonstrated that Defendant knowingly or recklessly violated the FLSA and is therefore barred from extending the statute of limitation. Defendant argues that Plaintiff has only alleged that Defendant was "aware" that Plaintiff and others in the putative collective were not paid overtime for hours over forty in a workweek. Further, Defendant asserts that its practice of adjusting work time to include travel time to and from the bathhouse suggests, is at minimum, an attempt to comply with the FLSA and negates the willfulness requirement.

First, it is important to note that, "willfulness is not relevant to the elements of Plaintiff's claims but only to the statute of limitations defense. At the pleading stage of litigation, it is not the plaintiff but the defendant who must raise the issue." *Fernandez*, 883 F.3d at 1299. Moreover, to survive a motion to dismiss, "[w]illfulness [is] adequately alleged in an FLSA claim when the complaint merely states that the alleged violations were 'deliberate, intentional

and willful.' " *Id.* (quoting *Rivera v. Peri & Sons Farms, Inc.,* 735 F.3d 892, 902-03 (9th Cir. 2013)).

Here, Plaintiff has pleaded:

> 42. Defendant's violations of the FLSA, as described above, is/was willful within the meaning of 29 U.S.C. § 225(2). At all material times, Defendant was aware that Plaintiff and putative Collective Action Member were not paid overtime premium pay at the rate and one-half their respective regular rates of pay for all hours worked over forty in a seven-day workweek.
> 43. Plaintiff and putative Collective Action Member specifically pleads recovery for the time period of three years preceding the date this lawsuit was filed and forward for their FLSA claim as the result of Defendant's willful conduct. *See* 29 U.S.C.§ 255(a).

ECF No.1, Compl. ¶¶ 42-43.

Plaintiff has sufficiently pleaded that Defendant's conduct was willful.

## CONCLUSION

Based on the above reasoning, Defendant's Motion to Dismiss is DENIED. Plaintiff is directed to file an Amended Complaint consistent with his factual assertions found in his Opposition Brief to Defendant's Motion to Dismiss by March 4, 2026

DATED this 12th day of February 2026.

BY THE COURT:

_____
DALE A. KIMBALL,
United Sates District Judge