### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF UTAH

| | |
|---|---|
| **Duncan Thomas,** individually and on behalf of all others similarly situated.<br><br>**Plaintiff,**<br><br>vs.<br><br>**Gentry Mountain Mining,**<br><br>**Defendant.** | **MEMORANDUM DECISION AND ORDER**<br><br>Case No. 2:25-CV-00622-DAK-JCB<br><br>Judge Dale A. Kimball<br><br>Magistrate Judge Jared C. Bennett |

This matter is before the court on Defendant Gentry Mountain Mining's Motion to Dismiss Amended Complaint [ECF No. 22]. After carefully considering the memoranda filed by the parties and the law and facts pertaining to the motion, the court issues the following Memorandum Decision and Order.

### BACKGROUND

On July 29, 2025, Plaintiff Thomas filed a Complaint against Defendant Gentry Mountain Mining alleging that Defendant violated the Fair Labor and Standards Act, 29 U.S.C. § § 201-219 ("FLSA") and the Portal-to-Portal Act, 29 U.S.C. § § 251-262 by failing to compensate Plaintiff and putative collective action members for time worked at Defendant's mining company. On August 19, 2025, Defendant filed a motion to dismiss Plaintiff's Compliant under Federal Rule of Civil Procedure 12(b)(6) [ECF 15].  The court heard oral arguments on that motion via a Zoom hearing on January 8, 2026, and took the matter under advisement. On February 12, 2026, the court issued a Memorandum Decision and Order [ECF 20] denying Defendant's motion to dismiss and directing Plaintiff to file an amended Complaint to include the additional facts found in Plaintiff's Opposition Brief to Defendant's Motion to Dismiss [ECF

16] by March 4, 2026.

Plaintiff filed the amended Complaint as directed. Defendant then filed the instant Motion to Dismiss the Amended Complaint. Defendant's arguments for dismissal of the Amended Complaint are identical to its arguments in its first Motion to Dismiss. Therefore, for the reasons described in the court's February 12, 2026, Memorandum Decision and Order Defendant's Motion to Dismiss the Amended Complaint is denied.

Additionally, Plaintiff requests that the court equitably toll the statute of limitations for claims of any putative collective action members during the period between the Defendant filing the present motion and the court's resolution thereof. "Equitable tolling may be applied to a FLSA claim 'on a case-by-case basis to prevent inequity.'" *Knutson v. Security National Mortgage Co.,* 2025 WL 32 68469, at \*5 (D. Utah 2025) (quoting *Felps v. Mewbourne Oil Co., Inc.,* 460 F. Supp. 3d 1232, 1238 (D.N.M. 2020). Moreover, "[t]he decision whether to apply the equitable tolling doctrine in a FLSA case lies with the sole discretion of the district court." *Perez v. Denco Construction LLC*, 2025 WL 2639210, at \*5 (D. Colo. 2025).

After considering the specific facts of this case, the court concludes that the interest of justice is best met by allowing limited equitable tolling. The statute of limitations is tolled for putative collective action members from February 27, 2026, the date Defendant filed the present Motion to Dismiss, to the date of this Memorandum Decision and Order.

## CONCLUSION

Based on the above reasoning, Defendant's Motion to Dismiss is DENIED and the statute of limitations is tolled for putative collective action members from February 27, 2026, to the date of this Memorandum, Decision and Order

DATED this 23rd day of April 2026.

2

BY THE COURT:

_____

DALE A. KIMBALL,
United Sates District Judge